IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01759-WYD-PAC

JEAN MANSON and
YOM MANSON,

      Plaintiffs,

v.

AM-GARD, INC., a foreign corporation;
UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA INTERNATIONAL
UNION; and
UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, LOCAL #50,

      Defendants.

---

**ORDER**

---

I.     <u>INTRODUCTION</u>

THIS MATTER is before the Court on the following motions: Plaintiffs' Motion to

Remand to State Court and Memorandum in Support Thereof [# 6], filed September 19

2006; Defendants United Government Security Officers of America, International Union,

and its Local 50's ("Union") Motion to Dismiss [# 24], filed November 3, 2006; and

Defendant, Am-Gard's Second Motion to Dismiss [# 25], filed November 3, 2006.  A

response and reply were filed with respect to the motion to remand.  Responses were

also filed with respect to the motions to dismiss, however, no replies were submitted.

By way of background, Plaintiff Jean Manson brought this action against the

Defendants in Colorado State District Court on August 11, 2006, alleging two causes of

action arising out of his employment with Am-Gard.  Plaintiff alleged: (1) breach of

express and implied contract under the collective bargaining agreement and breach of

the duty of good faith and fair dealing and (2) tortious neglect in failing to both reinstate

Plaintiff and prosecute a grievance on behalf of Plaintiff.  (Am. Compl. ¶¶ 21-27.)  For

his claims, Plaintiff requested economic and non-economic damages in excess of

$100,000.00.  (Am. Compl. ¶¶ 32.)  Defendant Union removed the Complaint to this

Court on September 6, 2006.  On September 19, 2006, Plaintiff moved to remand the

case back to state court.  For the reasons set forth below, Plaintiff's motion to remand

is denied and Defendants' motions to dismiss are granted.

II.    FACTUAL BACKGROUND

In 2001, Plaintiff began employment with Am-Gard as a security officer in the

Social Security Administration Office of the United States Government located in

Durango, Colorado.  In connection with his employment, Plaintiff joined both the

International and Local # 50 Union ("Union").  The Union has a collective bargaining

agreement ("CBA") with Am-Gard.  On or about September 24, 2004, Plaintiff was

notified by Am-Gard that he was being suspended without pay.

> Plaintiff believes that his suspension by Am-Gard was as a
> result of a demand by representatives of the U.S.
> Government that he be removed from his post at the Social
> Security Administration office in Durango, Colorado but that
> the demand . . . was not that he be suspended without pay
> or fired but rather they expected he would be relocated to
> some other U.S. government office.

(Am. Compl. ¶ 11.)  On or about September 28, 2004, Plaintiff notified the Union that

he wished to file a grievance.  On September 30, 2004, Plaintiff filed for unemployment

compensation and began employment interviews.  On or about January 21, 2005,

Plaintiff began alternate employment with Dawn Trucking Company in New Mexico.  On

February 2, 2005, Plaintiff was injured while working for Dawn and states that he has

been permanently disabled.

Plaintiff alleges that his suspension without pay "was without cause, in violation

of the collective bargaining agreement . . . and in violation of its expressed covenant of

good faith and fair dealing with its employee."  (Am. Compl. ¶ 13.)  Plaintiff further

alleges that between September 24, 2004, and February 2, 2005, the Union "ceased

adequate and appropriate representation of Plaintiff . . . in the grievance process and

apparently joined with Am-Gard in an effort to alter the attitude of the U.S. Government

. . . . "  (Am. Compl. ¶ 18.)

III.    ANALYSIS

A.     Defendant Union's Motion to Remand

As noted, Plaintiff filed suit in Colorado state court in August of 2006.  On

September 6, 2006, Defendant Union filed a notice of removal in the United States

District Court for the District of Colorado on the ground that Plaintiff's suit could have

been commenced as an original action in federal court under 28 U.S.C. § 1331

because, according to the Union, Plaintiff's claims are preempted by section 301 of the

Labor Management Relations Act ("LMRA").  Section 301 of the LMRA states in

pertinent part:

> Suits for violation of contracts between an employer and a
> labor organization representing employees in an industry
> affecting commerce as defined in this chapter, or between

> any such labor organizations, may be brought in any district
> court of the United States having jurisdiction of the parties,
> without respect to the amount in controversy or without
> regard to the citizenship of the parties.

29 U.S.C. § 185(a).  Accordingly, Defendant Union argues that removal to federal court

was proper under 28 U.S.C. § 1441.

### 1.   Standard of Review

A defendant may remove to federal court "any civil action brought in a State

court of which the district courts of the United States have original jurisdiction."  28

U.S.C. § 1441(a).  Under the "well-pleaded complaint" rule, an action arises under

federal law "only when a federal question is presented on the face of the plaintiff's

properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Thus, as "master of the claim," a plaintiff "may prevent removal by choosing not to

plead a federal claim even if one is available."  *Schmeling v. NRODAM*, 97 F.3d 1336,

1339 (10th Cir. 1996).

"There does exist, however, an 'independent corollary' to the well-pleaded

complaint rule, known as the 'complete pre-emption' doctrine."  *Caterpillar*, 482 U.S. at

393.  This doctrine provides that "if a federal cause of action completely pre-empts a

state cause of action, any complaint that comes within the scope of the federal cause of

action necessarily 'arises under' federal law."  *Franchise Tax Board v. Construction

Laborers Vacation Trust*, 463 U.S. 1, 24 (1983).  Section 301 of the LMRA is such a

federal cause of action.  *See Caterpillar*, 482 U.S. at 393-94.  Section 301 of the LMRA

creates federal jurisdiction over "[s]uits for violations of contracts between an employer

and a labor organization representing employees in an industry affecting commerce."

29 U.S.C. § 185(a).  The Supreme Court has further stated that "[s]ection 301 governs

claims founded directly on rights created by collective-bargaining agreements, and also

claims substantially dependent on analysis of a collective-bargaining agreement."

*Caterpillar*, 482 U.S. 394.  Therefore, section 301 preempts "questions relating to what

the parties to a labor agreement agreed, and what legal consequences were intended

to flow from breaches of that agreement, . . . whether such questions arise in the

context of a suit for breach of contract or in a suit alleging liability in tort."  *Saunders v.*

*Amoco Pipeline Co.*, 927 F.2d 1154, 1155 (10th Cir. 1991).

### 2.    Analysis

In determining whether Plaintiff's claims in the instant action are "founded

directly on rights created by collective-bargaining agreements," or are "substantially

dependent on analysis of a collective-bargaining agreement," I must first look to

Plaintiff's complaint.  *Caterpillar*, 482 U.S. at 392.  However, in light of the fact that

"[p]laintiffs often attempt to avoid federal jurisdiction under § 301 by framing their

complaints in terms of state law theories," I may "look beyond the allegations of the

complaint . . . to determine whether the wrong complained of arose from a breach of

obligations under the collective bargaining agreement."  *Albertson's Inc. v. Carrigan*,

982 F.2d 1478, 1480-81 (10th Cir. 1993).

Plaintiff's Amended Complaint contains the following allegations:

**Legal Claims . . . Against All Defendants in Contract**

21. Defendant Am-Gard, by placing Plaintiff Jean Manson

on unpaid suspension based upon an unfounded and un-investigated demand by the United States government, without probable cause, while at all times knowing of Plaintiff Jean Manson's exemplary service and performance of duties for Am-Gard, and doing so without affording Plaintiff Jean Manson due process, breached its expressed contract of employment with Plaintiff Jean Manson, its obligations under the Collective Bargaining Agreement with International and Local #50, and its implied contract with Plaintiff Jean Manson of good faith and fair dealing. In so doing, Defendant Am-Gard caused Plaintiff Jean Manson to suffer loss of wage from September 25, 2004 to this date and for an unknown time into the future, said wage loss being in excess of $15,000.00.

22. Defendants International and Local #50, by failing, without just cause, to diligently, timely, and appropriately prosecute Plaintiff Jean Manson's grievance against Am-Gard, and by entering into a joint agreement with Am-Gard to pursue, for their own personal interests, another course of action, breached their expressed and implied duties under the Collective Bargaining Agreement, their expressed and implied duties under the Union membership of Plaintiff Jean Manson, and their duty of fair representation of Plaintiff Jean Manson. In so doing, the Defendants International and Local #50 have caused Plaintiff Jean Manson loss of wage from that time when the grievance would be reasonably expected to have been completed through arbitration to this date and for an unknown time into the future, said wage loss being in excess of $15,000.00.

### Legal Claims . . . Against All Defendants in Tort

23. Am-Gard, International and Local #50 knew, or in the exercise of reasonable knowledge should have known, that Plaintiff Jean Manson would be forced to go to work for someone unless he were reinstated with back pay by Am-Gard and that such work as he might be able to find might significantly increase the likelihood of his sustaining a disabling injury.

24. Nevertheless, Am-Gard, International, and Local #50 and each of them, intentionally, negligently, carelessly,

> recklessly, fraudulently, conspiratorially, and/or
> outrageously failed, refused and neglected to reinstate
> Plaintiff Jean Manson and failed to properly, timely, and
> diligently process Plaintiff Jean Manson's grievance for
> being improperly suspended without pay.

(Am. Compl. ¶¶ 21-24.)  In examining Plaintiff's Complaint, I find, on its face, Plaintiff's

claims are based on state law contract and tort theories.  However, when the Complaint

is viewed more closely in its entirety, I find that Plaintiff's claims are ultimately based on

an alleged breach of the labor agreement between the Union and Am-Gard.  Plaintiff's

claims refer to the collective bargaining agreement and Defendants failure to comply

with its terms and duties.  Therefore, an interpretation of the terms of the collective

bargaining agreement is essential to the evaluation of Plaintiff's claims, and this Court

has jurisdiction under section 301.  Accordingly, Plaintiff's motion for remand should be

denied.

        B.      Defendants' Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

        1.      Standard of Review

The Defendants assert in their respective motions that Plaintiff's claims must be

dismissed for failure to state a claim upon which relief may be granted under Fed. R.

Civ. P. 12(b)(6).  In ruling on a motion to dismiss, I "must accept all the wellpleaded

allegations of the complaint as true and construe them in the light most favorable to the

plaintiff." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996),

*cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1

(10th Cir. 1994)).  Further, "[a] complaint may be dismissed pursuant to Fed.R.Civ.P.

12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.*

(quoting *Jojola v. Chavez,* 54 F.3d 488, 490 (10th Cir. 1995)).

            2.     <u>Analysis</u>

Defendants Union and Am-Gard both move to dismiss this action under Fed. R. Civ. P. 12(b)(6).  The Defendants argue that Plaintiff's contract claim is a hybrid clam under section 301 of the LMRA and is thus, time-barred.  The Defendants further argue that Plaintiff's tort claims are preempted by section 301 of the LMRA and are thus, time-barred as well.  Plaintiff, on the other hand, argues that his claims are grounded in state law, and therefore, the LMRA does not apply.

"Section 301 of the LMRA makes collective bargaining agreements enforceable in federal court but provides no statute of limitations for claims brought under it." *Edwards v. International Union, United Plant Guard Workers of America*, 46 F.3d 1047,1050 (10th Cir. 1995); *See* 29 U.S.C. § 185.  However, in *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 154-55 (1983), the Supreme Court held that federal labor policies and the practicalities of section 301 litigation supported the application of the six-month statute of limitations prescribed by section 10 of the LMRA to hybrid claims.  *Id.*  The Supreme Court determined that hybrid claims under section 301 of the LMRA include an employer's breach of the collective bargaining agreement as well as a union's breach of its duty of fair representation.  *Id.*

Further, the Tenth Circuit applied this law in a similar case.  In *Williams*, 46 F.3d at 1047, the plaintiff brought an action against the union alleging that it had breached its duty of fair representation by mishandling plaintiff's wrongful discharge grievance against a former employer.  *Id.*  The District Court dismissed the action as barred by the

six-month statute of limitations applicable to hybrid claims under the LMRA. *Id.* The

Tenth Circuit affirmed the District Court and held that the six-month statute of

limitations under the LMRA was applicable to the plaintiff's hybrid claims, not the two-

year statute of limitations under state law. *Id.*

The Court's role on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not to

weigh potential evidence that the parties might present at trial, but to assess whether

the Plaintiff's Complaint is legally sufficient to state a claim for which relief may be

granted. I must accept all of the Plaintiff's well-pleaded allegations in the Complaint as

true and view them in the light most favorable to the Plaintiff. *Sutton v. Utah State Sch.*

*for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999). Based on my earlier

analysis that Plaintiff's claims are governed by section 301 of the LMRA, my analysis

turns to whether Plaintiff's claims are hybrid claims, and therefore subject to the

applicable six-month statute of limitations prescribed by section 10 of the LMRA.

In the case at hand, paragraph 21 of the Amended Complaint clearly alleges that

Defendant Am-Gard breached its employment contract with Plaintiff under the terms of

the collective bargaining agreement. (Am. Compl. ¶ 21.) Moreover, paragraph 22 of

the Amended Complaint clearly alleges that Defendant Union breached its duties under

both the collective bargaining agreement and the union membership of the Plaintiff.

Paragraph 22 further alleges that Defendant Union breached its "duty of fair

representation of Plaintiff Jean Manson." (Am. Compl. ¶ 22.) Under the law set forth

above and after reviewing the Amended Complaint in the light most favorable to the

Plaintiff, I find that Plaintiff's alleged contract claim is a hybrid claim and therefore,

subject to the applicable six-month statute of limitations prescribed by section 10 of the LMRA.

Having established that Plaintiff's contract claim is a hybrid claim, my analysis now turns to whether Plaintiff's claim is time-barred.  After a further review of the Amended Complaint, I find that Plaintiff's claim is not timely.  In paragraph 19 of the Amended Complaint, Plaintiff states that "after the 24th day of September, 2004 and prior to the 2nd day of February, 2005 Defendant Union ceased adequate and appropriate representation of Plaintiff . . ."  (Am. Compl. ¶ 19.)  Thus, the latest date that Defendant Union allegedly breached its duty of fair representation was February 2, 2005.  Therefore, in order to comply with the applicable statute of limitations, Plaintiff was required to bring his claims by August 2, 2005.  However, Plaintiff did not bring this action until August 11, 2006.  (*See* State Court Summons and Compl.)  Plaintiff's "hybrid" contract claim is untimely and barred by the applicable six month statute of limitations under section 10 of the LMRA and should be dismissed with prejudice.

Turning to my analysis of Plaintiff's tort claim, I find that the language of the second claim asserted in paragraphs 23 and 24 of the Amended Complaint expressly alleges a breach of duty owed under the collective bargaining agreement to fairly represent Plaintiff and process Plaintiff's grievance.  (Am. Compl. ¶¶ 23-24.)  Therefore, Plaintiff's claim in the second cause of action involves rights and duties arising under a collective bargaining agreement and is therefore, completely preempted by § 301 of the LMRA.  *See Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202 (1985) (holding that when resolution of a state law claim is substantially dependent upon the

analysis of the collective bargaining agreement, that claim must either be treated as a §

301 claim or dismissed as pre-empted by federal law).  Accordingly, based on my

above analysis of Plaintiff's contract claim and after reviewing the Amended Complaint

in the light most favorable to the Plaintiff, I find that Plaintiff's alleged tort claim is also a

hybrid claim and therefore, subject to the applicable six-month statute of limitations

prescribed by section 10 of the LMRA. and should be dismissed with prejudice.

Accordingly, the Defendants' Motions to Dismiss should be granted.

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Remand [# 6], is **DENIED**.  It is

FURTHER ORDERED that Defendant Union's Motion to Dismiss Amended

Complaint [# 24], is **GRANTED**.  It is

FURTHER ORDERED that Defendant Am-Gard's Motion to Dismiss Plaintiff's

Amended Complaint [# 25], is **GRANTED**.  It is

FURTHER ORDERED that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.


Dated:  June 12, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge